UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DAVID ARTHUR NORTON, III,
          *Defendant-Appellant.*

No. 03-4368

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-84)

Submitted: November 26, 2003

Decided: January 23, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In 2000, David Arthur Norton, III, pled guilty to manufacturing counterfeit Federal Reserve Notes and aiding and abetting this offense, in violation of 18 U.S.C. § 471, 2 (2000). The district court sentenced him to six months of imprisonment, to be followed by two years of supervised release. In February 2003, Norton's probation officer filed a petition to revoke Norton's supervised release. The petition alleged that Norton had violated the conditions of supervised release in many ways, including failing to make court payments, failing to report for scheduled urinalysis, using cocaine and other illegal substances, and failing to report for scheduled meetings with his probation officer. At his revocation hearing, Norton admitted the violations. Although Norton asked to continue on supervised release, the court sentenced him to ten months in prison with a recommendation that Norton participate in substance abuse treatment and be designated to a facility for that purpose.

Norton timely appealed. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal, but asserting that the district court abused its discretion by revoking supervised release instead of complying with Norton's request to remain on supervised release. Although Norton was advised of his right to file a pro se brief, he has not filed such a brief.

We review a sentence imposed upon the revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). We discern no abuse of discretion and affirm.

Norton admitted the charged violations; thus, a preponderance of the evidence established that he committed the supervised release violations as alleged. The district court accordingly was statutorily authorized to "revoke . . . supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the [original offense] without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (2000). Because Norton's conviction in 2000 for manufacturing of counterfeit

Federal Reserve Notes and aiding and abetting this crime exposed him to a maximum sentence of fifteen years, *see* 18 U.S.C. § 471, the offense is a Class C felony. *See* 18 U.S.C. § 3559(a)(3) (2000). Where the original offense is a Class C felony, the maximum term that can be imposed upon supervised release is two years. *See* 18 U.S.C. § 3583(e)(3). Accordingly, after revoking Norton's supervised release, the district court was statutorily authorized to impose an active prison term of up to two years.

The sentencing guidelines suggest that Norton, whose criminal history category was Category II and whose 18 U.S.C. § 471 conviction constituted a Grade C supervised release violation, should receive a prison term of four to ten months. *See U.S. Sentencing Guidelines Manual* § 7B1.1(a)(2), p.s. (2002). However, "Chapter 7's policy statements are . . . non-binding, advisory guides to district courts in supervised release proceedings." *Davis*, 53 F.3d at 642. Thus, a court is free to exercise its discretion and, upon revocation of supervised release, sentence a defendant to imprisonment of up to the statutory maximum allowable. *Id.* at 642-43.

Here, the court followed the guidelines and sentenced Norton not only within the statutory maximum, but also within the suggested guideline range. We find that the district court did not abuse its discretion by revoking supervised release and imposing a ten-month sentence instead of complying with Norton's request for continued supervised release.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*